IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America , Plaintiff | : | |
| | : | 2:06-cr-079 |
| v. | : | Judge Graham |
| Melody Berry, Defendant | : | Magistrate Judge Abel |
| | : | |

**REPORT AND RECOMMENDATION**

The United States of America and defendant Melody Berry entered a plea agreement for defendant to enter a plea to Count 1 of the indictment charging her with conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Defendant Berry consented under 28 U.S.C. § 636(b)(3) to enter a guilty plea before a magistrate judge.[1] She entered her guilty plea on May 19, 2006.

During the plea proceeding, I observed the appearance and responsiveness of the defendant in answering questions. Based on those observations, I am satisfied that at

[1]See, *United States v. Cukaj,* 2001 WL 1587410, at *1 (6th Cir. 2001)(H: No merit to defendant's argument that the magistrate judge lacked jurisdiction to accept his guilty plea when the defendant expressly consented to being arraigned before the magistrate judge and he did not file any objection to the Report and Recommendation that the guilty plea be accepted); *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997), *cert. denied,* 522 U.S. 1151 (1998); *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir..), *cert. denied,* 517 U.S. 1215 (1996); *United States v. Williams,* 23 F.3d 629, 632-24 (2d Cir.), *cert. denied,* 513 U.S. 1045 (1994). *See, United States v. Bearden,* 724 F.3d 1031, 1037-38 (6th Cir. 2001)(H: Recommendation of magistrate judge, who took defendant's *nolo contendre* plea with his consent, that the plea be accepted is not binding on the district judge).

the time she entered her guilty plea the defendant was in full possession of her faculties, that she was not suffering from any apparent physical or mental illness, and that she was not under the influence of narcotics or alcohol.

Before accepting defendant's plea, I addressed her personally in open court and determined her competence to plead. I determined that defendant understands the nature and meaning of the charge and the consequences of the plea. I further addressed defendant personally in open court and advised her of each of the rights referenced in Rule 11(c)(1) through (5), Fed. R. Crim. P.

I addressed the defendant personally in open court as required by Rule 11(d) and determined that her plea was voluntary. Defendant acknowledged that the plea agreement signed by her, her attorney, and plaintiff's attorney and filed May 19, 2006 represents the only promises made to her by anyone regarding the charges in the indictment. Defendant was advised that the Court may accept or reject the plea agreement but that if the Court rejects it, she has no right to withdraw her plea.

Defendant stated that the investigating officer's statement of the facts supporting the charge was accurate. She stated that she pleaded guilty because she is in fact guilty of the offense charged. I addressed the defendant personally in open court and determined that there was a factual basis for the plea.

I determine that her plea of guilty was knowingly and voluntarily made with an understanding of the nature and meaning of the charge and the consequences of her plea. It is RECOMMENDED that defendant Melody Berry's guilty plea be accepted.

Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after a presentence report is prepared.

In accordance with S.D. Ohio Crim. Rule 32.1, a written presentence report will be prepared by the Probation Office. Defendant will be asked to give information. Her attorney may be present if defendant wishes. Objections to the report must be made in accordance with S.D. Ohio Crim. Rule 32.1(c) through (e).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, United States v. Cukaj,* 2001 WL 1587410, at *1 (6th Cir. 2001*); Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge